UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN M. JOHNSON, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:16-CV-1993-L |
| WILLIAM DRAKE, ) | |
| Defendant. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Steven M. Johnson's ("Plaintiff") Application for Order Confirming Domestic Arbitration Award [ECF No. 1] has been referred to the United States Magistrate Judge for recommendation pursuant to Title 28, United States Code, Section 636(b). Order of Reference, ECF No. 5. Plaintiff also filed a Motion to Confirm Domestic Arbitration Award and Enter Judgment [ECF No. 7]. Defendant William Drake ("Defendant") filed a Motion to Dismiss and Alternatively to Transfer Venue [ECF No. 8]. Defendant's Motion to Dismiss was referred to the United States Magistrate Judge for recommendation. Order of Reference, ECF No. 21. Defendant's alternative request to transfer venue was referred to the United States Magistrate Judge for determination. Order of Reference, ECF No. 22. Upon careful consideration, the undersigned respectfully recommends that the District Court GRANT Defendant's Motion to Dismiss [ECF No. 8] and DISMISS WITHOUT PREJUDICE Plaintiff's Application for Order Confirming Domestic Arbitration Award [ECF No. 1].

### BACKGROUND

Defendant, a resident of the state of Minnesota, was implanted with defective DePuy ASR hip devices in April and May of 2007. Appl. 1 & 3, ECF No. 1. On December 7, 2010, the United States Judicial Panel on Multi-District Litigation ("MDL") ordered the cases arising from the DePuy

ASR hip devices to be centralized in the Northern District of Ohio in MDL Docket No. 1:10-md-2197-JJH, *In re: DePuy Orthopaedics, Inc.* Def.'s Br. 5, ECF No. 9; Pl.'s Ex. 1, ECF No. 24. In response to an advertisement for a lawsuit involving DePuy ASR hip devices, Defendant's wife contacted Plaintiff's law firm by telephone on September 27, 2010 to obtain information about retaining Plaintiff to represent Defendant for his claims. Appl. 3, ECF No. 1; Def.'s Br. 5, ECF No. 9. The parties entered into an Attorney Representation Agreement in January of 2012. Appl. 3-4, ECF No. 1; Def.'s Br. 6, ECF No. 9. The Attorney Representation Agreement contains an arbitration clause which states the following:

> Attorneys and Client agree that any dispute arising from the interpretation, performance, or breach of this Fee Agreement, including any claim of legal malpractice, but not including attorney disciplinary proceedings, shall be resolved by final and binding arbitration conducted in Fort Worth, by any other arbitrator that the Firm may choose. Attorneys and Client further agree that judgment upon any award rendered by the arbitrator in such proceedings may be entered by any state or federal court with jurisdiction over the matter.

Pl.'s App. 1 ¶ 14, ECF No. 1-2. The Attorney Representation Agreement also includes a 40% contingency fee for all sums recovered on Defendant's claim and all advanced costs and expenses. Pl.'s App. 1 ¶¶ 3 & 4, ECF No. 1-2. On December 6, 2012, Plaintiff received a letter from an attorney, Charles H. Johnson, terminating Plaintiff's representation on behalf of Defendant in the MDL and explaining that Defendant seeks to proceed with a local attorney. Appl. 4, ECF No. 1. Plaintiff notified Defendant's attorneys that Plaintiff had a 40% contractual fee interest for any recovery on Defendant's claims. Appl. 4, ECF No. 1. However, Defendant refused to honor the parties' contingency fee agreement. Appl. 5, ECF No. 1.

On August 1, 2014, Plaintiff filed an Original Complaint, Application to Compel Arbitration, and Request for Declaratory Relief in the Northern District of Texas in Civil Action No. 4:14-CV-

611-A, *Steven M. Johnson, P.C. v. Drake*. Appl. 5, ECF No. 1. On November 25, 2014, Judge McBryde dismissed that action for lack of personal jurisdiction. Appl. 5, ECF No. 1; Def.'s App. 182-99, ECF No. 10. Plaintiff also commenced arbitration with JAMS Dallas on August 1, 2014 in JAMS Ref. No. 1310021509. Appl. 5, ECF No. 1; Pl.'s App. 38-55, ECF No. 1-2. Defendant submitted a Response to Arbitration and Statement of Affirmative Defenses, participated in the selection of the arbitrator, and filed objections to the arbitration. Appl. 5-6, ECF No. 1. The Arbitrator selected by the parties, Judge Glen Ashworth ("Arbitrator Ashworth") found that he had jurisdiction to arbitrate the matter and that the issues were arbitrable. Appl. 6, ECF No. 1; Pl.'s App. 41, ECF No. 1-2. In the arbitration, Defendant exchanged discovery, engaged in settlement negotiations, participated in hearings, and produced an expert report. Appl. 6, ECF No. 1; Pl.'s App. 41, ECF No. 1-2.

On July 7, 2016, Arbitrator Ashworth issued a Corrected Final Award in Plaintiff's favor as follows: (1) the parties' Attorney Representation Agreement was a valid and enforceable contract; (2) Defendant's fraudulent inducement claim was denied; (3) Defendant terminated the Attorney Representation Agreement without good cause; (4) Defendant's unconscionable fee claim was denied; (5) Defendant's fee forfeiture claim was denied; (6) Plaintiff was awarded his net 35% contingency fee from Defendant's settlement award in an amount of $196,612.50; (7) Plaintiff was awarded his net 35% contingency fee from Defendant's discretionary loss of earnings award; (8) Plaintiff was granted a lien on Defendant's recovered claims; (9) Defendant breached the Attorney Representation Agreement; (10) Plaintiff was awarded attorneys' fees in the amount of $136,457.00; (11) Plaintiff's request for litigation expenses was denied; (12) Plaintiff was awarded $20,145.47 for incurred arbitration costs; and (13) the Final Award resolved all issues in the arbitration

proceeding and any relief not specifically granted was denied. Appl. 7, ECF No. 1; Pl.'s App. 54, ECF No. 1-2.

On the same day Arbitrator Ashworth issued his Corrected Final Award, Plaintiff filed his Application for Order Confirming Domestic Arbitration Award [ECF No. 1] in the District Court. Appl., ECF No. 1. Plaintiff filed a Motion to Confirm Domestic Arbitration Award and Enter Judgment [ECF No. 7] on August 18, 2016 arguing that a Final Judgment should be entered in his favor, because Defendant failed to timely file a response. Pl.'s Br. 3-5, ECF No. 7-1. On the same date as the filing of Plaintiff's motion, Defendant filed his Motion to Dismiss and Alternatively to Transfer Venue arguing that the District Court lacks personal jurisdiction over him, because he does not have minimum contacts with this forum, and in the alternative, seeking a transfer to the Northern District of Ohio where the MDL was pending. Mot. to Dismiss 1-2, ECF No. 8. Defendant also argues that Plaintiff failed to properly serve him, that *res judicata* bars the re-litigation of the personal jurisdiction issue, and that Federal Rule of Civil Procedure 41 precludes this lawsuit, because Plaintiff dismissed his cause of action against Defendant on two previous occasions. Def.'s Br. 16-23, ECF No. 9. On November 18, 2016, Plaintiff filed a notice attaching the Order of Dismissal with respect to Defendant's claims in the MDL in the Northern District of Ohio. Notice, ECF No. 24.

## ANALYSIS

Among other arguments, Defendant argues in his Motion to Dismiss that the District Court should find that it lacks personal jurisdiction over him as previously determined by Judge McBryde in *Steven M. Johnson, P.C. v. Drake*, No. 4:14-CV-611-A. Def.'s Br. 1, ECF No. 9; Def.'s App. 182-99, ECF No. 10. In his Memorandum Opinion and Order, Judge McBryde concluded that Plaintiff

4

failed to show that Defendant had sufficient contacts with Texas to establish *in personam* jurisdiction and dismissed the case for lack of personal jurisdiction. Def.'s App. 198, ECF No. 10. In his response to Defendant's Motion to Dismiss, Plaintiff argues that Defendant is confusing constitutional personal jurisdiction principles with federal law that allows a court to exercise personal jurisdiction after a final arbitration award has been issued. Pl.'s Br. 16, ECF No. 13-1 (citing 9 U.S.C. § 9).

The Federal Arbitration Act ("FAA"), Title 9, United State Code, Section 9 ("Section 9") states as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. As previously discussed, the Attorney Representation Agreement states that the parties "agree that judgment upon any award rendered by the arbitrator in such proceedings may be entered by any state or federal court with jurisdiction over the matter." Pl.'s App. 1 ¶ 14, ECF No. 1-2. The arbitration award was issued in Dallas, Texas.[1] Pl.'s App. 38-55, ECF No. 1-2. Therefore, Plaintiff

---

1. While the Attorney Representation Agreement states that the arbitration should take place in Fort Worth, it appears to have been conducted in Dallas. *See* Attorney Representation Agreement, ECF

may file his Application for Order Confirming Domestic Arbitration Award in this Court pursuant to Section 9. 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."). Because there was no arbitration award to confirm at the time Judge McBryde issued his November 25, 2014 Memorandum Opinion and Order finding that the Court lacked personal jurisdiction over Defendant, the FAA was not applicable. Def.'s App. 182-99, ECF No. 10. However, the FAA is applicable to this case, because this case was filed on the same date as the July 7, 2016 arbitration award. Appl., ECF No. 1; Pl.'s App. 38-55, ECF No. 1-2.

Plaintiff's Application for Order Confirming Domestic Arbitration Award states that Defendant is a resident of the state of Minnesota. Appl. 1, ECF No. 1. Section 9 of the FAA specifies that, upon service of the notice of the application to a nonresident adverse party by a U.S. Marshal in a district where the nonresident is found, the District Court shall have personal jurisdiction over the nonresident "as though he had appeared generally in the proceeding." 9 U.S.C. § 9. However, the Proof of Service filed by Plaintiff shows that Jim Satcliffe, a process server located in Minnesota, not a U.S. Marshal, served the notice of Plaintiff's application. Proof of Service, ECF No. 6. "A federal court is without personal jurisdiction over a defendant unless the defendant has been [properly] served . . . ." *Cunningham v. Burns*, No. 3:12-CV-1824-L (BH), 2013 WL 4505157, at *2 (N.D. Tex. Aug. 23, 2013) (citing *Pavlov. v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)); *see also Dunlap v. City of Fort Worth*, No. 4:13-CV-802-O (BJ), 2014 WL 1677680, at *3 (Apr. 28, 2014) ("Because service of process is improper, the Court cannot exercise personal jurisdiction over

---

No. 1-2 at 4 ("Attorneys and Client agree that any dispute . . . shall be resolved by final and binding arbitration conducted in Forth Worth[.]"); Corrected Final Award, ECF No. 1-2 at 47 ("The arbitration was convened in Dallas, Texas[.]").

6

Defendants." (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999))). The "fact that the defendant may have received notice of this civil action is insufficient for service of process." *Dunlap*, 2014 WL 1677680, at *3 (citing *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)).

Given that the basis for the Court *in personam* jurisdiction over Defendant, as argued by Plaintiff in his response to Defendant's Motion to Dismiss, is 9 U.S.C. § 9, but the notice of Plaintiff's application was not properly served as required under this provision, and because the Court does not otherwise have personal jurisdiction over Defendant, as discussed at length in Judge McBryde's November 25, 2014 Memorandum Opinion and Order, Plaintiff's application should be dismissed without prejudice. *See* Pl.'s Br. 16, ECF No. 13-1; Def.'s App. 182-99, ECF No. 10; *Papa Berg, Inc. v. World Wrestling Entm't, Inc.*, No. 3:12-CV-2406-B, 2013 WL 2090547, at *1 (N.D. Tex. May 15, 2013) ("The motion is granted to the extent it seeks dismissal of all claims against Seitz and Johnston for lack of personal jurisdiction and improper service. As such, the Complaint is dismissed without prejudice as to Seitz and Johnston.").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court GRANT Defendant's Motion to Dismiss [ECF No. 8] and DISMISS WITHOUT PREJUDICE Plaintiff's Application for Order Confirming Domestic Arbitration Award [ECF No. 1].

**SO RECOMMENDED**, this ___ day of February, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).