IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN M. JOHNSON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1993-L** |
| | § | |
| **WILLIAM DRAKE,** | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Steven M. Johnson's Application for Order Confirming Domestic

Arbitration Award (Doc. 1), filed July 7, 2016; Steven M. Johnson's Motion to Confirm Domestic

Arbitration Award (Doc. 3), filed August 18, 2016; and Respondent's Motion to Dismiss or,

Alternatively, to Transfer Venue (Doc. 8), filed August 18, 2106.  Also before the court is the

Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc.

30), recommending that the court grant Respondent's Motion to Dismiss (Doc. 8) and dismiss

without prejudice this action for lack of jurisdiction as a result of Petitioner's failure to effect service

on Respondent in accordance with 9 U.S.C. § 9; the parties' objections and related briefs to the

Report, and Petitioner's request for leave for additional time to effect service of process on

Respondent (Doc. 36).

For the reasons herein explained, the court, after conducting a de novo review of the portions

of the Report to which objections was made, **accepts** the Report *as herein modified*;[1] **overrules**

---

[1] Instead of granting Defendant's motion to dismiss for insufficient service as recommended by the magistrate judge, the court will give Petitioner additional time as requested to effect service on Respondent in accordance with 9 U.S.C. § 9, as the applicability of the manner of service under this section of the Federal Arbitration Act ("FAA") was raised *sua sponte* by the magistrate judge, the defect is curable, and the court concludes that Respondent will not suffer any legal prejudice or undue delay.

**Memorandum Opinion and Order – Page 1**

Petitioner's and Respondent's objections to the Report; **grants** Petitioner's request for additional time to effect service of process on Respondent (Doc. 36); **denies without prejudice** Respondent's Motion to Dismiss (Doc. 8); and **denies** Respondent's Alternative Motion to Transfer Venue (Doc. 8).  To avoid the confusion created by Petitioner's filing of a separate application and motion to confirm the arbitration award, the court **denies without prejudice** Steven M. Johnson's Application for Order Confirming Domestic Arbitration Award (Doc. 1); **denies without prejudice** Steven M. Johnson's Motion to Confirm Domestic Arbitration Award (Doc. 3); **directs** Petitioner to file a single amended application to confirm the arbitration award by **April 15, 2017**, which must be served on Respondent in accordance with this order.

## I.      Factual and Procedural Background

Petitioner Steven M. Johnson ("Petitioner" or "Johnson") brought this proceeding on July 7, 2016, to confirm a final arbitration award in the amount of $353,214.97 that was entered in his favor on July 7, 2016, against Respondent William Drake ("Respondent" or "Drake").  Respondent, who is a resident of Minnesota, was implanted with defective DePuy ASR hip devices in 2007. Respondent retained Petitioner's law firm to represent him in Multi-District Litigation ("MDL") pending in Ohio. The contingency fee agreement executed between Petitioner and Respondent contains an arbitration clause. Respondent subsequently retained another attorney and terminated Petitioner's representation of him in the MDL.  Johnson sued for breach of the parties' contingency fee agreement and obtained an arbitration award in his favor that is the subject of this proceeding and brought pursuant to the FAA.

On August 18, 2016, Drake moved to dismiss the action "for lack of personal jurisdiction, res judicata, Rule 41, improper venue, and improper service; [a]nd, in the alternative, [moved] to

transfer venue." Resp't's Mot. 8.  Petitioner's application to confirm the arbitration award and Respondent's motion to dismiss were referred to the magistrate judge for findings and recommendation.  On the same date, a few hours before Respondent filed his motion to dismiss, Petitioner filed a "Motion to Confirm Domestic Arbitration Award" (Doc. 7), although he had previously filed an application to confirm the arbitration award on July 7, 2016.  It is not entirely clear whether the motion to confirm filed by Petitioner relies on different or additional grounds for confirming the arbitration award.  No explanation was provided by Petitioner for filing the motion to confirm in addition to the application to confirm the arbitration award.  Because of the confusion caused by Petitioner filing an application and motion to confirm the arbitration award, only Petitioner's initial application to confirm the arbitration award was referred to the magistrate judge; however, the same reasoning in the Report and this order applies to both such that there is no need for a separate order to address Petitioner's later-filed motion to confirm the arbitration award.

On February 9, 2017, United States Magistrate Judge Paul D. Stickney entered his Report, recommending that the court grant Respondent's Motion to Dismiss and dismiss without prejudice Petitioner's application and this proceeding for lack of personal jurisdiction over Respondent as a result of Petitioner's failure to comply with section 9 of the FAA, which requires service of process on nonresidents such as Respondent to be performed by "the marshal of any district within which the adverse party may be found."  Petitioner and Respondent both filed objections to the Report on February 23, 2017. On March 9, 2017, Respondent filed a response to Petitioner's objections.

## II.    Respondent's Objections

Respondent objects to the magistrate judge's findings and conclusions that: (1) jurisdiction or venue is proper in this district; and (2) Respondent refused to honor the contingency fee

agreement. The court **overrules** Respondent's objections, as the court **concludes** that the magistrate judge correctly found that the arbitration award was entered in Dallas, Texas; the parties' arbitration agreement does not specify a court for purposes of confirming any arbitration award entered; and thus, Petitioner was entitled to file his application to confirm the arbitration award in the Northern District of Texas, Dallas Division because section 9 of the FAA specifically provides that, "if no court is specified in the [arbitration] agreement of the parties, then such application [to confirm the arbitration award] may be made to the United States court in and for the district within which such award was made." Report 5-6 (quoting 9 U.S.C. § 9). Section 9 further provides, "Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." *Id.* Thus, the court will have jurisdiction over Respondent in this proceeding upon service of Petitioner's application in accordance with 9 U.S.C. § 9, notwithstanding Respondent's arguments to the contrary. Moreover, the court concludes that the defect in Petitioner's attempt at effecting service on Respondent is curable, and the other issues raised by Respondent are irrelevant to whether this court has jurisdiction over Respondent for purposes of confirming the arbitration award under the FAA.

## III. Petitioner's Objections

In his objections to the Report, Petitioner contends that service of process on Respondent was sufficient and Respondent's defense of insufficient service under Rule 12(b)(5) was waived. Alternatively, Petitioner requests additional time to serve Respondent in accordance with 9 U.S.C. § 9 instead of dismissing the action as proposed by the magistrate judge. For the reasons that follow, the court **concludes** that the magistrate judge's analysis regarding the applicability of service of process under 9 U.S.C. § 9, as it applies to this case, is correct. Accordingly, Petitioner's objections

to the contrary are **overruled**; however, because the court's determination regarding service of process under 9 U.S.C. § 9 appears to conflict with a prior opinion of the court, the court addresses this issue below, which was raised in Petitioner's objections. Petitioner's objection and argument regarding the applicability of Rule 12(b)(5) and Defendant's waiver of the defense of insufficient service under Rule 12(b)(5) similarly misses the mark and is **overruled** for the reasons herein explained.

### A.       Applicability of the Federal Rules of Civil Procedure

As noted, Johnson objects to the magistrate judge's "failure to find waiver" of any defense under Rule 12(b) based on insufficient service, to the extent based on failure to effect service in accordance with 9 U.S.C. § 9.  Pet'r's Obj. 3.  Drake, on the other hand, argues that the magistrate judge did not err in not finding waiver because he "clearly objected to the improper service by [Petitioner]" in his motion to dismiss.  Resp't's Resp. 5.

The likely reason that the magistrate judge did not "find waiver" or address Petitioner's waiver argument is because it was not raised in response to Respondent's motion to dismiss.  In briefing the motion to dismiss, both parties conflated the Federal Rules of Civil Procedure that apply to civil actions and pleadings with those that apply to applications to confirm arbitration awards under the FAA.  As a result, the arguments presented to the magistrate judge for findings and recommendation were not on point. Despite the magistrate judge's clarification regarding the applicability of the FAA, the parties continue to argue incorrectly in their objections and briefs that the Federal Rules of Civil Procedure apply.

Under the FAA, applications to confirm or vacate arbitration awards are treated as motions, not a pleading initiating an action under the Federal Rules of Civil Procedure.  *See* 9 U.S.C. § 6

**Memorandum Opinion and Order – Page 5**

("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided by law for the making and hearing of motions."); *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 688 n.1 (N.D. Tex. 2013).  As a result, federal courts in this district and other jurisdictions have distinguished between motions to confirm or vacate arbitration awards and pleadings that initiate federal civil actions and held that the Federal Rules of Civil Procedure that apply to the filing of civil actions and pleadings in federal actions do not apply to motions to confirm or vacate arbitration awards.  *See, e.g., Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994) (concluding that Rule 12(b) does not apply to motions to vacate arbitration awards); *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992) (reasoning that notice pleading rules do not apply to a motion to vacate arbitration award; rather, an application under the FAA to vacate an arbitration award is made and heard in the manner provided by law for making and hearing of motions); *O.R. Sec., Inc. v. Prof. Planning Assocs., Inc.*, 857 F.2d 742, 748 (11th Cir. 1988) (concluding that Rule 8's notice pleading rules are inapplicable to proceedings to vacate an arbitration award because relief must be sought in the form of a motion); *HCC Aviation Ins. Grp., Inc. v. Employers Reinsurance Corp.*, No. 3:05-CV-744-BH, 2008 WL 850419, at *4 (N.D. Tex. Mar. 21, 2008) ("Since Petitioners' April 15, 2005 filing [application under the FAA] with the District Court is a motion and not a pleading, it is not subject to the specific pleading requirements of Rule 9(g)."); *Garber v. Sir Speedy, Inc.*, No. 3:96-CV-1089-P, 1996 WL 734947, at *4 (N.D. Tex. Dec. 11, 1996) ("Plaintiffs' complaint to vacate the arbitration award is procedurally improper. The [FAA] requires an application to vacate an award to be [set forth in a motion.]") (citing 9 U.S.C. 6)).

**Memorandum Opinion and Order – Page 6**

As explained by former United States District Judge Jorge A. Solis in *Garber*, because section 6 of the FAA requires applications to vacate or confirm an arbitration award to be "made and heard in the manner provided by law for the making and hearing of motions," an application under this section must comply with Federal Rule of Civil Procedure 7(b), which applies to the filing of motions and other papers and provides that "[a] request for a court order must be made by motion . . . [shall] be in writing . . . state with particularity the grounds for seeking the order; and . . . state the relief sought." *See id.* (citing *O.R. Securities, Inc.*, 857 F.2d at 745).  The reason for requiring applications under the FAA to be filed and heard as motions rather than complaints is based on FAA's fundamental policy for expedited judicial review of arbitration awards to prevent the losing party from filing a new civil action in federal court to relitigate the matters arbitrated.  *Garber*, 1996 WL 734947, at *4 (citing *Booth v. Hume Pub. Inc.*, 902 F.2d 925, 932 (11th Cir. 1990)).

Accordingly, because applications to confirm arbitration awards are motions, the Federal Rules of Civil Procedure and this court's Local Civil Rules applicable to motions and motion practice apply but not the federal rules for initiating civil actions and filing pleadings in civil actions.[2] Since Petitioner's July 7, 2016 Application for Order Confirming Domestic Arbitration Award and August 18, 2016 Motion to Confirm Domestic Arbitration Award (Doc. 3) are treated as motions under the FAA, and not pleadings, the court concludes that they are not subject to Rule 12(b), which sets forth the requirements for responsive pleadings and the assertion of defenses in response to a complaint, or related authority regarding the waiver of defenses under Rule 12(b).

---

[2] In addition, section 13 of the FAA requires that certain "papers" be filed in conjunction with an application to confirm, modify, or correct an arbitration award.

**Memorandum Opinion and Order – Page 7**

Thus, the parties' arguments for and against waiver with respect to Federal Rule of Civil Procedure 12(b) are not relevant and quite beside the point.

### B.     Service Under Section 9 of the FAA

Although the FAA is not an independent basis for conferring subject matter jurisdiction, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983), it does provide a means for obtaining personal jurisdiction over a party to an arbitration in a subsequent proceeding to confirm an arbitration award.  *See* 9 U.S.C. § 9.  Regarding service of an application to confirm an arbitration award governed by the FAA, section 9 of the FAA states:

> Notice of the application [to confirm arbitration] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

*Id.*  The language in this statute regarding service on a nonresident governs the service of Petitioner's application to confirm the arbitration award in this case because Respondent is a nonresident, and the plain language of 9 U.S.C. § 9 makes clear that service of process on nonresidents must be performed by "the marshal of any district within which the adverse party may be found."  *Id.* Petitioner acknowledges that his attempts at serving Respondent were made via a private process server, not a marshal in the district where Defendant, a resident of Minnesota, can be found.  Thus, the magistrate judge correctly concluded that service of process in this case was insufficient.

Petitioner correctly notes that this court, in *May Financial Corporation v. Granger Meadows, Ltd.*, Case No. 3:02-CV-2482-L, 2003 WL 21246130 (N.D. Tex. Mar. 31, 2003), previously

concluded that compliance with section 9's requirement regarding service on nonresidents by a United States Marshal was not necessary.  In doing so, the court accepted the following findings and recommendation by the magistrate judge, to which no objection was made: "On December 9, 2002, a return of service was filed showing that service was personally made by a private process server on Gary Thomas' attorney. Therefore, the prerequisite to jurisdiction in § 9—that notice of the application shall be served upon Defendant—has been established."  *Id.* at *2.  In a footnote, the magistrate judge explained her conclusion that the court had personal jurisdiction over the defendant notwithstanding the plaintiff's failure to comply with section 9 of the FAA:

> Although Plaintiff's application was served by a private process server, and § 9 requires that "the application shall be served by the marshal of any district within which the adverse party may be found," § 9 "cannot be taken as the proper standard for service of process . . . because it cannot account for the subsequent abandonment of United States marshals as routine process servers." *Matter of Arbitration Between Trans Chemical Ltd. and China Nat. Machinery Import and Export Corp.*, 978 F. Supp. 266, 300 & n.138 (S.D. Tex. 1997). Thus, under Federal Rule of Civil Procedure 4(h)(1), Defendant was properly served.

*Id.* n.1.  In addition, Petitioner relies on *Trans Chemical Limited*, which was cited by the magistrate judge in *May Financial Corporation*, and notes that *Trans Chemical Limited* was affirmed by the Fifth Circuit without further analysis.  Petitioner also cites other cases by federal district courts outside of the Fifth Circuit in which courts have concluded that the requirement of service by a United States Marshal is an outdated anachronism or one that is no longer necessary to satisfy 9 U.S.C. § 9.

The Fifth Circuit has not spoken on this issue. After revisiting the issue and considering it more carefully,[3] the court concludes that the basis for the magistrate judge's reasoning in *May Financial Corporation* and reliance on *Trans Chemical Limited* in concluding that the court had personal jurisdiction was flawed for two reasons. First, unlike *May Financial Corporation* and this case, *Trans Chemical Limited* involved service on a foreign party outside of the United States. *Trans Chemical Ltd.*, 978 F. Supp. at 297-98. Cases involving service on foreign parties outside of the United States are distinguishable because, as aptly explained by the court in *PTA-FLA, Incorporated v. ZTE USA, Incorporated*, No. 3:11-CV-510-J-32JRK, 2015 WL 12819186 (M.D. Fla. Aug. 5, 2015), section 9's language requiring service by a marshal is limited to service within the United States:

> § 9 (and the identical language on service in § 12) arguably does not include any method for service on foreign parties at all since they "will not necessarily be found in *any* district." Service on foreign parties pursuant to Rule 4 may indeed be necessary since service on them by marshal within a district of the United States is impossible. But that does not require jettisoning service by marshal on parties that can be found in the United States.

*Id.* at *7 (citing *Technologists, Inc. v. Mir's Ltd.*, 725 F. Supp. 2d 120, 125-27 (D.D.C. 2010); and quoting *InterCarbon Berm., Ltd. & Caltex Trading & Transp. Corp.*, 146 F.R.D. 64, 67 (S.D.N.Y. 1993)) (internal citations omitted).

Second, the court agrees with the following reasoning in *PTA-FLA, Inc.* that courts cannot simply disregard the plain language of 9 U.S.C. § 9, even though the requirement of service by a United States Marshal, rather than some other form of service, may seem like an outdated

---

[3] As previously noted, no objections were asserted to the magistrate judge's findings and conclusions in *May Financial Corporation*. Moreover, the defendant in that case did not file a response to the plaintiff's application to confirm the arbitration award or contest the sufficiency of the plaintiff's service of process.

**Memorandum Opinion and Order – Page 10**

anachronism or technicality; nor can it interpret the statute in a manner that renders meaningless a

portion of the statute, including the requirement that service on nonresidents be made by a marshal:

> The straightforward meaning of this language is that service on nonresidents must be made via marshal for the court where the award was made to obtain personal jurisdiction under § 9 of the FAA.

> Some courts have interpreted the final clause of § 9, "in like manner as other process of the court," to be a reference to Rule 4 and its (relatively) recent allowance of service by "[a]ny person who is at least 18 years old and not a party . . . ." *Technologists, Inc. v. Mir's Ltd.*, 725 F. Supp. 2d 120, 125-27 (D.D.C. 2010); *Own Capital, LLC v. David Smith Autoland, Inc.*, No. 10-mc-51002, 2010 WL 3623173, at *2 (E.D. Mich. Sept. 15, 2010); *see* Fed. R. Civ. P. 4(c)(2). The Court finds that interpretation inconsistent with the text of the statute. Section 9 does not set up "in like manner as other process of the court" as an alternative to service by the marshal, but, instead, as how service may be effectuated by the marshal. Using the clause as these courts suggest would essentially render meaningless the reference to the marshal. A more logical understanding of "manner" of service, which is also more consistent with its definition, would see it as a reference to the provisions of Rule 4(e), (g), and (h) on how service can be completed, not to Rule 4(c)(2) on who can complete it. The Court adopts this understanding, which gives effect to all the words in § 9.

> . . . .

> [W]hile the requirement of service by marshal, as opposed to some other process server, may seem outdated or a mere technicality, the Court cannot overlook the plain language of the statute. The Court agrees with the corporate objectors that this service requirement has not been impliedly repealed by Rule 4. "Repeals by implication are not favored . . . ." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). "In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable." *Morton v. Mancari*, 417 U.S. 535, 550 (1974).

> The Court agrees with the analysis of the court in *Logan & Kanawha Coal Co. v. Dethrage Coal Sales, LLC* that Rule 4 and § 9 are not irreconcilable. 789 F. Supp. 2d 716, 720-22 (S.D. W. Va. 2011). Even though Rule 4 has reduced the role of marshals in service of process generally, the duties of the marshals still include service of process, 28 U.S.C. § 566(c), and service by marshal is still available under either Rule 4 or Rule 4.1 on service of process other than a summons or subpoena, Fed. R. Civ. P. 4(c)(3), 4.1(a). Moreover, even if there were a conflict between Rule

**Memorandum Opinion and Order – Page 11**

4 and § 9, Rule 81 would eliminate the conflict by expressly deferring to the procedures of § 9 in proceedings relating to arbitration. Fed. R. Civ. P. 81(a)(6)(B) ("These rules, to the extent applicable, govern proceedings under the following laws, except as these laws provide other procedures . . . (B) 9 U.S.C., relating to arbitration . . . ."); *see Nu–Best Franchising, Inc. v. Motion Dynamics, Inc.*, No. 8:05-cv-507-T-27TGW, 2006 WL 1428319, at *5 (M.D. Fla. May 17, 2006); *also Booth* [*v. Hume Publ'g, Inc.*, 902 F.2d 925, 931 (11th Cir. 1990)].

*PTA-FLA, Inc.*, 2015 WL 12819186, at *7-8.

Moreover, the portion of the opinion quoted from *Trans Chemical Limited* in *May Financial Corporation* and relied on by Petitioner [4] is dicta, as the court's holding regarding the sufficiency of service of process and the existence of personal jurisdiction ultimately turned on its determination that service was sufficient under 28 U.S.C. § 1608(b)(1) of the Foreign Sovereign Immunities Act, which allows parties to agree upon special arrangements for service, and its alternative determination that resort to the Federal Rules of Civil Procedure was necessary because service by a marshal under section 9 was not technically possible with respect to foreign parties outside the United States. *Trans Chemical Ltd.*, 978 F. Supp. at 299-300.

*May Financial Corporation* is also distinguishable in that the defendant did not file a response to the plaintiff's application to confirm the arbitration award or move to dismiss for lack of personal jurisdiction based on insufficient service of process under section 9 of the FAA. As a result, any objection regarding personal service was waived because, unlike subject matter

---

[4] The reasoning in other cases cited and relied upon by Petitioner to support his argument that service by a marshal in accordance with section 9 is not required fails for the same reasons set forth in this opinion and *PTA-FLA, Incorporated*, which cited and discussed a number of federal district cases that have addressed the issue raised by Petitioner, including the cases cited in Petitioner's objections. The only case cited in Petitioner's objections that is not addressed in *PTA-FLA, Incorporated* is the unpublished "Memorandum and Order" in *1-800-BoardUp, Inc. v. Quality Renovations, LLC*, No. 4:12-MC-331(CEJ) (E.D. Mo. July 3, 2012) (Doc. 4). This case, however, relies on the same cases and reasoning rejected by *PTA-FLA, Incorporated*. Moreover, as in this case, there was no response to the plaintiff's application to confirm the arbitration award, and no motion or objection was raised regarding service of process or personal jurisdiction. Further, none of the authorities from other federal districts cited by Petitioner is binding on this court.

**Memorandum Opinion and Order – Page 12**

jurisdiction, personal jurisdiction can be waived. The court, therefore, had personal jurisdiction over the defendant in *May Financial Corporation*, even though the court now concludes that the magistrate judge's legal basis for finding personal jurisdiction in that case was incorrect.

Further, unlike the defendant in *May Financial Corporation*, which asserted no objection whatsoever to personal jurisdiction based on service of process, Respondent did object and moved to dismiss this action for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Thus, while objections to personal jurisdiction generally can be waived, *Insurance Corp. of Ire., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982), the court concludes that Respondent did not waive his objection to the adequacy of service. Though Respondent did not specifically contend that service of process was insufficient as a result of Petitioner's failure to comply with 9 U.S.C. § 9, he did contest whether service of process was proper. Thus, even assuming as the parties contend that the Federal Rules of Civil Procedure apply to service of process and objections to insufficient service of process in this proceeding rather than the express language of 9 U.S.C. § 9 regarding service, the court determines that Respondent did not waive his objection to adequacy of service. *See Garcia v. Cantu*, 363 B.R. 503, 508-09 (Bankr. W.D. Tex. 2006) (footnote omitted).[5] The court, therefore, **overrules** Petitioner's objections regarding the adequacy

---

[5] The court in *Garcia v. Cantu* concluded that the debtor's objection to the sufficiency of service under Rule 12(b)(5) was not waived the objection, although it was "admittedly inartful":

> In reviewing that motion to dismiss, it is evident that the Debtor did not *expressly* raise, as an additional grounds for dismissal of the petition, insufficiency of service. Certainly, the motion made no explicit reference to Rule 12(b)(5). However, the body of the motion *did* at least include allegations that tended to raise a concern regarding whether the Debtor had in fact actually been served at the locations indicated, and further suggested that neither of those addresses qualified as places where the Debtor could legitimately have been served. As a general rule, a pleading is to be evaluated on its substance rather than its form. *See* Wright & Miller, § 1355 (3d ed. 2004). While admittedly inartful, the Debtor's Motion does at least generally contest whether service at these addresses can count as proper service of process. That is sufficient for the court to conclude that the Debtor did not waive an objection to adequacy of service. *Id.*

of service on Respondent under Federal Rule of Civil Procedure 4, and the applicability of service under 9 U.S.C. § 9.

### C.      Request for Additional Time to Effect Service

As both parties' reliance on and arguments regarding the Federal Rules of Civil Procedure regarding service were incorrect, the magistrate judge *sua sponte* found and clarified that section 9 of the FAA applies to service in proceedings such as this one, rather than the Federal Rules of Civil Procedure.  Because this issue was raised *sua sponte* and the failure to effect service in accordance with section 9 of the FAA is a curable defect, the court will grant Petitioner's request for additional time to effect service on Respondent in accordance with the FAA.  Further, the court determines that Respondent will not suffer any legal prejudice or undue delay in proceeding in this manner.  Accordingly, instead of granting Defendant's motion to dismiss for insufficient service as recommended by the magistrate judge, the court will deny without prejudice the motion to dismiss and give Petitioner additional time as requested to effect service on Respondent in accordance with 9 U.S.C. § 9.

## IV.    Conclusion

Having reviewed the application to confirm the arbitration award, motion to confirm the arbitration award, motion to dismiss, briefs, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the

---

*Garcia*, 363 B.R. at 508-09. Based on similar reasoning, the court concludes that Respondent's motion and objection in this case were sufficient to avoid waiver of his right to object to the sufficiency of service.  Moreover, Petitioner has the burden of establishing that service on Respondent was sufficient.

court *as herein modified*, and **overrules** the objections asserted by Petitioner and Respondent to the Report. Accordingly, the court **denies without prejudice** Defendant's Motion to Dismiss (Doc. 8); **denies** Defendant's Alternative Motion to Transfer Venue (Doc. 8); **grants** Petitioner's request for additional time to effect service of process on Respondent (Doc. 36); and **directs** Petitioner to effect service on Respondent of an amended application to confirm the arbitration award as set forth below and in accordance with 9 U.S.C. § 9 by **May 5, 2017**, or show good cause in writing by that date for the failure to effect service within the time required by this order.

To avoid the confusion created by Petitioner's filing of a separate application and motion to confirm the arbitration award, the court also **denies without prejudice** Steven M. Johnson's Application for Order Confirming Domestic Arbitration Award (Doc. 1); **denies without prejudice** Steven M. Johnson's Motion to Confirm Domestic Arbitration Award (Doc. 3); and **directs** Petitioner to file a single amended application to confirm the arbitration award by **April 10, 2017**, *which must be supported by legal authority and any evidence or papers relied upon by Petitioner. The amended application and any response by Respondent must comply with the FAA, and the Federal Rules of Civil Procedure and this court's Local Civil Rules applicable to motions and motion practice, including those for table of contents and the filing of supporting appendices and citations to appendices. Failure of Petitioner to serve Respondent or show good cause for such failure by May 5, 2017, will result in the dismissal of this action without prejudice for lack of personal jurisdiction. Failure of either party to comply with the court's Local Civil Rules will result in the striking of any noncompliant application or response without further notice.*

**Memorandum Opinion and Order – Page 15**

**It is so ordered** this 30th day of March, 2017.

Sam A. Lindsay
United States District Judge